IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

CHICAGO ALLIANCE AGAINST
   SEXUAL EXPLOITATION, et al.,

         Plaintiffs-Appellees,

               v.

LINDA M. McMAHON, in her official
   capacity as Secretary of the United States
   Department of Education, et al.,

         Defendants-Appellees.
   ------------------------------------------------------------
STATE OF TEXAS,

         Interested Party-Appellant,

No. 21-1777

**DEFENDANTS-APPELLEES' STATUS REPORT**

On March 17, 2022, this Court granted defendants-appellees' unopposed

motion to hold the above-captioned appeal in abeyance pending completion of

the Department of Education's (Department) rulemaking in which the

Department undertook a comprehensive review of the 2020 Final Rule, 85

Fed. Reg. 30,026 (May 19, 2020) ("2020 Rule"), which is at issue in this appeal,

and which amended prior regulations to implement Title IX of the Education

1

Amendments of 1972. The Court directed defendants-appellees to file a status report within 60 days and at 90-day intervals thereafter.

2. As we previously reported, on April 29, 2024, the Department's 2024 Final Rule was published in the Federal Register. *See Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33474 (April 29, 2024) ("2024 Final Rule"). We also reported that the 2024 Final Rule, which amends the 2020 Final Rule, would take effect on August 1, 2024. *See id.*

3. As noted in our October 29, 2024, status report, following publication of the 2024 Final Rule, a number of legal challenges to the Rule were filed in various district courts. Several courts have granted preliminary injunctions.[1] In addition, the U.S. District Court for the Eastern District of Kentucky in January 2025 declared the 2024 Final Rule unlawful and has vacated the rule

---

[1] *Louisiana v. U.S. Dep't of Educ.*, No. 24-cv-563, 2024 WL 2978786 (W.D. La. June 17, 2024), *stayed pending resolution of Carroll Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 24-cv-461 (N.D. Tex.); *Carroll Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 24-cv-461, 2024 WL 3381901 (N.D. Tex. July 11, 2024), 5th Cir. No. 25-10651 (*intervenors' appeal after their motion to intervene was denied for lack of standing; opening brief was filed on Dec. 15, 2025 and the government's brief was filed on Feb. 19, 2026*); *Texas v. United States*, No. 24-cv-86, 2024 WL 3405342 (N.D. Tex. July 11, 2024), *stayed pending resolution of Carroll Ind. Sch. Dist.* No. 24-cv-461 (N.D. Tex.); *Arkansas v. U.S. Dep't of Educ.*, No. 24-cv-636 (E.D. Mo. July 24, 2024), *stayed pending resolution of Carroll Ind. Sch. Dist.* No. 24-cv-461 (N.D. Tex.); *Oklahoma v. Cardona*, No. 24-cv-461 (W.D. Okla. July 31, 2024); *Kansas v. U.S. Dep't of Educ.*, No. 24-cv-4041 (D. Kan. July 2, 2024); *Alabama v. Cardona*, No. 24-cv-533 (denying preliminary injunction) (N.D. Ala. July 30, 2024), *injunction pending appeal granted, decision in appeal pending*, 11th Cir. No. 24-12444 (Aug. 22, 2024).

on a nationwide basis.[2]  On March 10, 2025, proposed intervenor-defendants in the case, A Better Balance and Victim Rights Law Center and Jane Doe, appealed to the United States Court of Appeals for the Sixth Circuit from the district court's amended final judgment entered on January 10, 2025.[3]

4. As we further noted in the October 29, 2024, status report, counsel for appellant in the above-captioned appeal informed us by email that their "view is that the appeal should likely be dismissed as moot, and the district court order vacated under *Munsingwear*." On August 1, 2024, this Court issued an order stating that in light of information reported in our July 31, 2024 status report—specifically, that the "Final Rule will take effect on August 1, 2024, that various legal challenges have been filed to the rule, that several injunctions have been granted, and that appellant believes that the appeal should be dismissed as moot"—it directed that "these appeals will remain in abeyance pending receipt of any motions and responses the parties may file." August 1, 2024 Order, 1st Cir. No. 21-1777.

---

[2] *See Tennessee v. Cardona*, 762 F. Supp. 3d 615 (E.D. Ky. 2025).

[3] *See Tennessee v. McMahon*, Nos. 25-5205, 25-5206 (6th Cir.) (*remanding both appeals on October 10, 2025 for the limited purpose of permitting the district court to adjudicate pending intervenor-defendants A Better Balance's and Victim Rights Law Center and Jane Doe's motions to intervene; hearing on intervention motion held on Jan. 21, 2026 and district court decision pending*).

5. The Department understands the above-captioned appeal to remain in abeyance under this Court's August 1, 2024, order, and it will continue to file status reports on the schedule set out in this Court's March 17, 2022, order.

Respectfully submitted,

MELISSA N. PATTERSON

*s/ Courtney E. Albini*

COURTNEY E. ALBINI
  Attorneys, Appellate Staff
  Civil Division, Room 7511
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530
  (202) 598-7329

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I electronically filed the foregoing status report with the Clerk of Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Counsel of record are registered CM/ECF users, and I further certify that I electronically served the foregoing status report via the CM/ECF system on February 20, 2026.

*s/ Courtney E. Albini*
Courtney E. Albini
